**ENTERPRISE BRASS WORKS v. UNITED STATES.**

**No. K–106.**

Court of Claims.

Feb. 16, 1931.

Thomas J. Reilly, of Washington, D. C. (Robert Ash, of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Charles F. Kincheloe, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

The petition presents two causes of action, and there is no dispute as to the facts.

The case relates to the income and profits taxes paid by plaintiff for the year 1918. Plaintiff's complete return for these taxes was made on June 16, 1919, and afterwards a waiver was filed extending the time for the collection thereof one year.

On March 13, 1924, the Commissioner made what is known as a jeopardy assessment against plaintiff in the additional sum of $50,937.95 for the year 1918, and, upon demand being made for the payment thereof, the plaintiff filed a claim for the abatement of the amount so assessed. Thereupon the Commissioner stayed proceedings for the collection of the tax and took the claim for abatement under consideration. On July 23, 1925, the claim for abatement was allowed in the sum of $7,559.10 and rejected in the amount of $43,378.85. On May 12, 1926, the plaintiff was credited with $10,921.86, being the amount of an overassessment on its tax for the year 1919. The Commissioner made a computation of the amount due on plaintiff's tax for 1918 and in so doing charged the plaintiff with interest in the manner hereinafter shown, but gave plaintiff no credit for interest on the overpayment of the 1919 tax, and on June 1, 1926, the plaintiff, under protest, paid the amount claimed to be due by the Government and duly filed a claim for refund of the amount thereof.

Plaintiff claims:

First, that the tax for 1918 was illegally collected after the expiration of the period of limitations.

400

Second, that in any event it is entitled to interest on the overpayment on the 1919 tax.

■ So far as the first of these claims is concerned the case presents a situation in which that portion of the tax which is in controversy was assessed in time, a plea in abatement filed, collection stayed, and the tax subsequently collected after the period of limitations had expired. Since the argument was made in this case, the Supreme Court, affirming several decisions of this court, has held that no recovery can be had under this state of facts, and plaintiff's claim based thereon must be denied. See Graham v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. —— (decided January 26, 1931).

Counsel on neither side have favored us with an argument on the matter of the interest claimed by plaintiff, but counsel for plaintiff insist that it is entitled to interest on the amount of the overpayment on the 1919 tax from the time it was paid to the time it was credited on the 1918 tax, and counsel for defendant assert the contrary. We are therefore obliged to review the law with reference to interest, the provisions of which have been complicated by amendments and repeals in the different revenue acts, and the circumstances of the case add to the complications because in some respects the general provisions do not apply.

■ The Revenue Act of 1918 (40 Stat. 1057) made no provision for the allowance of interest to the taxpayer, but the 1921 act contained in section 1324 (42 Stat. 316) a general provision for the allowance of interest at the rate of one-half of 1 per cent. per month upon a refund or credit in cases where the amount thereof was paid under specific protest or pursuant to an additional assessment. Had this provision been in force at the time the statement of the amount due on the tax was rendered to plaintiff, it would seem that plaintiff was entitled to interest on the amount of the overassessment. The 1924 act contained in section 1019 (26 USCA § 153 note) a general provision for the allowance of interest upon credits and refunds and repealed section 1324 of the 1921 act. The 1926 act repealed section 1019 of the 1924 act and in lieu thereof section 1116 (26 USCA § 153 note) was enacted, which provided, among other things, for the allowance of interest "in case of a credit, to the due date of the amount against which the credit is taken." Credits under the acts of 1921,

1924, and 1926, were excepted from the provision quoted, but it manifestly applies where the assessment was made under the act of 1918 and a credit applied thereon. In the instant case, the "due date" of the tax upon which the credit was applied was prior to the date of the payment which was credited thereon. Where such is the case, it is manifest that no interest can be allowed. The same principle applies as in the case of Riverside & Dan River Mills v. United States, 69 Ct. Cl. 70 (certiorari denied). Although that case was not exactly similar, it was in effect held therein that under the 1926 Revenue Act, when applied to taxes for 1918, the taxpayer is not entitled to interest on a credit applied on a tax which was already due when the credit was allowed.

Plaintiff does not contest the charge made against it of interest from March 18, 1924 (when the additional tax was demanded by the collector), on the amount finally determined to be the correct additional tax for 1918. This interest was imposed by section 250(e) of the Revenue Act of 1918 (40 Stat. 1084), which provides that, when a bona fide claim for abatement is filed, interest shall be paid from the time the amount was due upon the additional tax as finally determined at the rate of one-half of 1 per cent. per month. The contention of plaintiff is that it should not be deprived of interest on the overpayment for 1919 credited against the additional tax for 1918 when it was required to pay interest upon the deficiency finally determined for 1918 from March 18, 1924.

This contention, however, finds no support in the statute, for, as above stated, section 1116 of the Revenue Act of 1926 specifically provides that interest upon an overpayment for a year prior to 1921 credited to an additional tax for another year, also prior to 1921, shall be paid only to the due date of the tax against which credited. See Riverside & Dan River Mills v. United States, supra, and Boyd v. United States (Ct. Cl.) 47 F.(2d) 397, this day decided. Whatever may be the merits of this proposition in the abstract, the law permits no interest to be allowed plaintiff under the circumstances, and we can not engraft exceptions upon it. In fact the case presents exceptional circumstances for which it is difficult to provide in a general statute.

It follows that plaintiff's petition should be dismissed, and it is so ordered.